ELECTRONICALLY
FILED
May 9, 2019
U.S. DISTRICT COURT
Northern District of WV

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT MARTINSBURG

**TANYA M. NICHOLS,**

    **Plaintiff,**

**v.**                       **CIVIL ACTION NO.**  3:19-cv-73

**WEST VIRGINIA UNITED**
**HEALTH SYSTEM, INC.,**

    **Defendant.**

## COMPLAINT

### Parties, Jurisdiction, and Venue

1.    Plaintiff Tanya M. Nichols ("Nichols") is a citizen and resident of Kearneysville, Berkeley County, West Virginia, and a natural person who is obligated or allegedly obligated to pay a debt, and therefore is a "consumer" under 15 U.S.C. § 1692a(3).

2.    Defendant West Virginia United Health System, Inc. ("WVUHS") is a corporation incorporated in and authorized to do business in West Virginia.

3.    Nichols brings this action to recover for WVUHS' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 e*t seq.*, in attempting to

collect a consumer debt from her.

4.    Jurisdiction is proper with this Court under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

5.    Venue is proper with this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the action occurred in this judicial district.

## Facts

6.    WVUHS collects debts on behalf of several hospitals in West Virginia.

7.    WVUHS is an entity that uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

8.    On February 6, 2017, Nichols sought treatment at the Emergency Department at City Hospital, Inc., which is also known as Berkeley Medical Center ("City").

9.    Nichols presented her United Healthcare card bearing her insurance information at her admission, but the information was refused or not recorded, and City did not bill United Healthcare for her treatment. Nichols

had never encountered any billing problems at City during visits before and after the one on February 6, 2017.

10.   On June 27, 2017, Edward L. Harman Jr., who identified himself as "associate collections counsel" for WVUHS, wrote to Nichols on behalf of City and explained that her account with a balance of $776.62 had been placed with him for collection. He further advised her that her failure to pay in full or make reasonable payment arrangements within 30 days could result in City filing suit "to obtain a judgment or judicial order permitting the garnishing of your wages, placing a lien on real property, and/or attaching a bank account or other personal property." Harman's letter included the 30-day validation notice required by 15 U.S.C. § 1692f.

11.   Harman again wrote to Nichols on August 18, 2017 and reiterated his client's demand for payment of $776.62 and repeated the language from his June 27 letter describing the possible adverse effects of Nichols not paying, and also included the 30-day validation notice.

12.   At some point thereafter, WVUHS filed suit against Nichols in the Magistrate Court of Berkeley County, West Virginia and sought judgment in the amount of $776.62 plus court costs.

13.   After Nichols filed and served her answer, Harman wrote to her on November 28, 2018, confirmed receipt of her answer, and explained that,

according to City's records, she did not provide a copy of her insurance information on February 6, 2017, so City gave her "a 50% self-pay adjustment." Harman also told her that "At this point, it is too late to submit a claim due to timely filing limits."

14.     On December 10, 2018, Nichols wrote back to Harman and explained that she had presented the admitting clerk with her insurance card, as she had every time she went to City, both before and after her admission on February 6, 2017. Nichols stated that she had not received any information until she was served with the complaint, at which point she immediately answered the complaint and contacted Harman. She also attached a copy of her United Healthcare insurance card and a claim form and asked that City process the claim and submit an explanation of the lateness so United Healthcare would process the claim. City never processed the claim or submitted it to United Healthcare for payment.

15.     The magistrate court scheduled a hearing on February 14, 2019. At some point before the hearing, Nichols filed the claim herself with United Healthcare, which United Healthcare denied initially because it was filed beyond the 90-day limit. Nichols explained the circumstances to United Healthcare and requested reconsideration of the denial.

16.     On February 14, but before the hearing started, United Healthcare

contacted Nichols to inform her that they would pay her claim and would remit payment directly to City.

17. Harman and Nichols appeared at the hearing in magistrate court on February 14, at which Nichols explained that United Healthcare agreed to pay her claim and would send the payment directly to City.

18. Harman explained that City had not billed United Healthcare for Nichols' admission because if it had and United Healthcare had denied the claim, City would be unable to pursue Nichols for the charges. What Harman did not tell the court was that if United Healthcare had denied the claim, City could have requested reconsideration of the denial, as Nichols did, in order to receive payment.

19. Rather than continue the hearing so that United Healthcare's payment could be credited to Nichols' balance, however, the court awarded judgment to WVUHS in the amount of $776.62 plus court costs in the amount of $150 and interest at the rate of 5.5% per year as of the date of judgment on any unpaid balance.

20. Although Nichols had submitted a claim to United Healthcare in the amount of $776.62 (the amount for which City had filed suit against her), United Healthcare paid a total of $1,446.12, which was nearly the entire amount of the original balance of $1,553.25.

21.     Nichols believed that once United Healthcare paid her bill, her ordeal with City would be over, but on February 28, Harman again wrote to her demanding $175 on behalf of City, consisting of $150 for filing and service fees awarded by the magistrate court and Nichols' co-pay of $25, which was not part of the judgment.

## Count I
## Violations of FDCPA

22.     Nichols incorporates paragraphs 1 through 21 by reference hereto as if set forth verbatim hereinafter.

23.     Harman informed Nichols on November 28, 2018 that "it is too late to submit a claim due to timely filing limits[,]" but his statement was incorrect and incomplete. If United Healthcare had denied the claim, City could have requested a reconsideration of the denial, as Nichols did.

24.     City could have submitted Nichols' bill to United Healthcare but chose not to do so.

25.     Instead, City chose to pursue the charges from Nichols personally, even though she had insurance coverage through United Healthcare, which would have and ultimately did pay for City's charges.

26.     WVUHS violated 15 U.S.C. § 1692e by misrepresenting the character, amount, or legal status of an alleged debt because Harman represented to

Nichols that it was too late to submit her charges to United Healthcare when it clearly was not, as evidenced by Nichols' ability to obtain payment.

27.    WVUHS violated 15 U.S.C. § 1692f by demanding payment of Nichols' co-pay of $25 as part of the judgment the magistrate court awarded and showing a balance owed to WVUHS of $175 on Harman's February 28, 2019 letter to Nichols, when the judgment included only the filing and service fees of $150.

28.    As a direct and proximate result of every violation of the FDCPA committed by WVUHS, Nichols is entitled to actual damages under 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1,000 for each violation under 15 U.S.C. 1692k(a)(2)(A); and attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff Tanya M. Nichols prays that this Honorable Court enter judgment on her behalf against Defendant West Virginia University Health System, Inc. as follows:

(1)    An award of actual damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(a)(1) against Defendant West Virginia University Health System, Inc., and for the benefit of Plaintiff Tanya M. Nichols;

(2)    An award of statutory damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(a)(2)(a) against Defendant West Virginia University Health System, Inc., and for the benefit of Plaintiff Tanya M. Nichols;

(3)    An award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) against Defendant West Virginia University Health System, Inc., and for the benefit of Plaintiff Tanya M. Nichols; and

(4)    Any other relief this Court deems just and proper.

## Demand for Jury Trial

Plaintiff Tanya M. Nichols demands a trial by jury.


TANYA M. NICHOLS
By Counsel


/s/ Jeffrey V. Mehalic
Jeffrey V. Mehalic (WV State Bar No. 2519)
Law Offices of Jeffrey V. Mehalic
364 Patteson Drive, No. 228
Morgantown, WV 26505-3202
(304) 346-3462
*Counsel for Plaintiff Tanya M. Nichols*