IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

TANYA M. NICHOLS,

    Plaintiff,

v.                                                     CIVIL ACTION NO.: 3:19-CV-73
                                                       (GROH)

WEST VIRGINIA UNITED HEALTH
SYSTEM, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Currently pending before the Court is the Defendant's Motion for Summary Judgment [ECF No. 34], filed on February 12, 2020. The Plaintiff filed a Response in Opposition [ECF No. 37] on March 4, 2020. The Defendant filed a Reply in Support [ECF No. 38] on March 17, 2020. Accordingly, the matter has been fully briefed and is now ripe for review. For the following reasons, the Defendant's motion is **GRANTED**.

### I. Factual and Procedural Background

On May 9, 2019, Tanya M. Nichols ("Plaintiff") filed a complaint in this Court against West Virginia United Health System, Inc. ("Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq* ("FDCPA"). ECF No. 1. On August 9, 2019, the Defendant filed an answer to the Plaintiff's complaint. ECF No. 8. On August 20, 2019, the Plaintiff moved the Court for leave to amend her complaint to add a claim under § 1692f. ECF No. 10. Thereafter, the Court granted the Plaintiff's motion [ECF No. 11], and the Plaintiff filed her amended complaint [ECF No. 12]. The background of the Plaintiff's claims are as follows.

On February 6, 2017, the Plaintiff sought and received treatment at City Hospital, Inc.'s[1] emergency department. The parties dispute whether the Plaintiff presented the admission clerk with her health insurance card. The Plaintiff alleges she presented the admission clerk with her United Healthcare insurance card, but United Healthcare was never billed for the treatment. The Defendant alleges the Plaintiff did not provide the admission clerk with her health insurance card. According to the Defendant, the Plaintiff informed the admission clerk she had United Healthcare insurance, but she did not have her health insurance card with her. The admission clerk performed a system search to locate the Plaintiff's health insurance information. However, the system search was unsuccessful.

On February 12, March 21, April 20 and May 21, 2017, the Defendant mailed statements to the Plaintiff regarding her outstanding balance. The statements set forth the total cost for the medical services, a 50% self-pay discount since the services were not being billed through health insurance and the net amount due after the self-pay adjustment. The Plaintiff alleges she did not receive any of these statements. On April 13, April 25, May 2 and May 9, 2017, the Defendant made collection calls to the Plaintiff's home telephone number and left voicemails on her answering machine. The Plaintiff alleges she did not receive any of the Defendant's calls or voicemail messages.

On June 27, 2017, Edward L. Harman, Jr., associate collections counsel for the Defendant and its subsidiary, City Hospital, Inc., wrote the Plaintiff notifying her that her account balance of $776.62 had been placed with him for collection. Within the letter, Mr. Harman advised the Plaintiff that failure to take action within thirty days could result in a

---

[1] City Hospital, Inc. is also known as Berkeley Medical Center.

lawsuit being filed against her to obtain a judgment for the outstanding account balance. The Plaintiff alleges she did not receive the June 27, 2017 letter. On August 18, 2017, Mr. Harman wrote a second letter to the Plaintiff repeating the same information. The Plaintiff alleges she did not receive the August 18, 2017 letter.

On April 26, 2018, City Hospital, Inc. filed suit against the Plaintiff in the Magistrate Court of Berkeley County, West Virginia to collect the unpaid balance for the medical services rendered. Thereafter, the Plaintiff filed and served her answer to City Hospital Inc.'s complaint. On November 28, 2018, Mr. Harman wrote the Plaintiff confirming receipt of her answer. He further provided that the hospital's records indicate she did not provide a copy of her health insurance card during her visit on February 6, 2017, so the hospital gave her a 50% self-pay adjustment. Mr. Harman also informed the Plaintiff that it was too late to submit a claim to United Healthcare due to the 90-day filing limit. The Plaintiff alleges she received Mr. Harman's November 28, 2018 letter. On December 10, 2018, the Plaintiff wrote City Hospital, Inc. and Mr. Harman informing them that she did present her health insurance card on February 6, 2017, and the complaint was the first notice she received regarding her outstanding account balance. In the letter, the Plaintiff provided her health insurance information and asked for her claim to be submitted to United Healthcare with an explanation of why it was late.

The Defendant did not submit the claim to United Healthcare after receiving the Plaintiff's letter. The Plaintiff filed the claim with United Healthcare herself. United Healthcare initially denied the Plaintiff's claim because it was submitted beyond the 90-day filing limit. The Plaintiff requested reconsideration of the denial, explaining why the

claim was late. Upon receiving the Plaintiff's explanation, United Healthcare approved the claim.

On February 14, 2019, the parties appeared before the magistrate court for a hearing. The Plaintiff informed the court that United Healthcare approved the claim and would be paying her medical bill. Mr. Harman informed the court that the hospital "had not billed United Healthcare for [the Plaintiff's] admission because if it had and United Healthcare had denied the claim, [the hospital] would be unable to pursue [the Plaintiff] for the charges." Id. at 5. After hearing from the parties, the court awarded City Hospital, Inc. judgment in the amount of $776.62, plus $150 in court costs and interest at a rate of 5.5% per year as of the date of judgment on any unpaid balance. United Healthcare ultimately paid $1,446.12 for the Plaintiff's treatment. On February 28, 2019, Mr. Harman wrote the Plaintiff informing her that she had a remaining balance of $175, consisting of $150 in court costs and a $25 co-pay. The Plaintiff did not respond to Mr. Harman's letter or make payment to City Hospital, Inc.

In the Plaintiff's amended complaint, she alleges the Defendant violated 15 U.S.C. § 1692e when it represented that "it [was] too late to submit a claim due to timely filing limits" because this statement misrepresented the character, amount, or legal status of the outstanding balance. Id. at 6-7. The Plaintiff further alleges the Defendant "violated 15 U.S.C. § 1692f by demanding payment of [her] co-pay of $25 as part of the judgment" and "by failing or refusing to release its judgment against her . . . even though [the Defendant] has received, accepted, and retained payment of $1,446.12 from United Healthcare on [her] behalf for the same debt that [the Defendant] continues to attempt to collect." Id. at 7. The Plaintiff claims she "is entitled to actual damages under 15 U.S.C.

1692k(a)(1); statutory damages in an amount up to $1,000 for each violation under 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs under 15 U.S.C. § 1692k(a)(3)." Id.

On February 12, 2020, the Defendant filed a motion for summary judgment, asserting that it is not a debt collector under the FDCPA. ECF No. 34. The Defendant further asserts that the Plaintiff's amended complaint fails to set forth any actual violation of the FDCPA. Id.

## II. Applicable Legal Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence establishing there is indeed a genuine issue for trial. Fed. R. Civ. P. 56;

Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted). A motion for summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Savs. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967); see also id. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").

### III. Discussion

The Defendant asserts that it is entitled to judgment as a matter of law because it is not a "debt collector" under the FDCPA, and even if it were a "debt collector," it would fall under the in-house exemption. The Defendant further asserts the Plaintiff's allegations do not amount to violations of the FDCPA. Specifically, the Defendant did not violate 15 U.S.C. § 1692e because it was too late, under the Defendant's contractual agreement with United Healthcare, to submit a claim. Moreover, the Defendant did not violate § 1692f because the Plaintiff did not reimburse the Defendant for court costs, interest, and the full amount of the debt owed, and demanding this amount is not a violation of the FDCPA.

Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors." § 1692(e). To state a claim under the FDCPA, a plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Stewart v. Bierman, 859 F.

6

Supp. 2d 754, 759 (D. Md. 2012) (quoting Dikun v. Streich, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005)).

**A. Debt collector as defined by the FDCPA**

The Defendant asserts that it is not a "debt collector" under the FDCPA. The Plaintiff argues that because Mr. Harman's letters stated "[t]his communication is from a debt collector," the Defendant is a debt collector under the FDCPA. ECF No. 37 at 7.

"The FDCPA draws a distinction between 'debt collectors,' who are covered by the statute, and 'creditors' who are not." Berger v. Hahnemann University Hospital, 2017 WL 5570340, *6 (E.D. PA. Nov. 17, 2017). Section 1692a(6) defines a debt collector as:

> any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, *or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.* Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . .

§ 1692a(6) (emphasis added). Section 1692a(4) also provides a definition for who is a creditor under the FDCPA:

> The term "creditor" means any person who offers or extends credit creating a debt *or to whom a debt is owed*, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

§ 1692a(4) (emphasis added). The material distinction between a debt collector and a creditor . . . is therefore whether a person's regular collection activity is only *for itself* (a creditor) or whether it regularly collects *for others* (a debt collector). . . ." Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 137 (4th Cir. 2016).

The Defendant, West Virginia United Health System, Inc., owns and operates multiple healthcare systems and hospitals in the state of West Virginia. One of those hospitals includes City Hospital, Inc., where the Plaintiff sought and received emergency medical services on February 6, 2017. Mr. Harman serves as the associate collections counsel for the Defendant and its subsidiary, City Hospital, Inc. In his position as associate collections counsel, Mr. Harman seeks to collect unpaid medical bills due to the Defendant and its subsidiaries. Mr. Harman, in his position as associate collections counsel, does not seek to collect debt owed or due to others. It is clear the Defendant is acting as a "creditor" and not a "debt collector" as defined by the FDCPA.

Because the Defendant is not a "debt collector" as defined by the FDCPA, the Defendant is entitled to judgment as a matter of law. However, even if the Defendant were a "debt collector" as defined by the FDCPA, the Plaintiff has also failed to state an actual violation of the FDCPA.

**B. The Plaintiff's claim under 15 U.S.C. § 1692e**

The Defendant argues the Plaintiff fails to allege any facts to show the Defendant misrepresented the nature of an unpaid debt because the Defendant's statement was materially true and was not misleading. The Plaintiff argues that "[i]f Defendant's statement was true . . . then the statement was certainly 'misleading,' as Plaintiff was able to submit her own claim successfully beyond the 90-day period, [] constitut[ing] a violation of § 1692e." ECF No. 37 at 13. The Plaintiff further argues that "[i]f Defendant's statement was not true, based, again, on Plaintiff's successful submission of her own claim, then the statement was false, and actionable under § 1692e." Id.

Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. The statute sets forth various ways a debt collector may use "false, deceptive, or misleading representation," including misrepresenting "the character, amount, or legal status of any debt." § 1692e(2)(A). In the Fourth Circuit, "[w]hether a communication is false, misleading, or deceptive is determined from the vantage of the 'least sophisticated consumer.'" Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 394 (4th Cir. 2014) (citing United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir. 1996)). "This determination requires an objective inquiry" focusing on "whether a 'least sophisticated consumer' would be misled or deceived by the communication." Ramsey v. Sawyer Prop. Mgmt. of Maryland LLC, 593 F. App'x 204, 207-08 (4th Cir. 2014). "A logical corollary of the least sophisticated consumer test is that false, deceptive, and misleading statements must be *material* to be actionable." Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014). "The materiality requirement limits liability under the FDCPA to genuinely false or misleading statements that 'may frustrate a consumer's ability to intelligently choose his or her response.'" Id. (quoting Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010)). The "application of the least sophisticated consumer test ordinarily presents a question of law." Ramsey, 593 F. App'x at 208.

The Plaintiff sought treatment at City Hospital, Inc. on February 6, 2017. The proper claim submission procedure was for the claim to be submitted to United Healthcare within 90 days of the treatment. In the Plaintiff's complaint, she confirms claims must be submitted within 90 days by stating "United Healthcare denied initially because it was filed beyond the 90-day limit." ECF No. 12 at 4. Therefore, her claim should have been

9

submitted by May 7, 2017 at the very latest. On November 28, 2018, when Mr. Harman informed the Plaintiff it was too late to submit her claim to United Healthcare, it was 570 days past the permissible 90-day period. The Defendant's statement that it was "too late" to submit the claim was a true statement.

The 90-day time period to submit the claim to United Healthcare had passed and it was too late to submit the claim. The Defendant had no reason to believe it could submit the claim to United Healthcare past the 90-day period. In addition, the Defendant had no reason to believe the Plaintiff would be able to submit her claim and receive payment after the 90-day period. The mere fact that the Plaintiff was able to explain the situation to United Healthcare to successfully secure payment, does not make the Defendant's statement false or misleading for purposes of establishing a violation of the FDCPA.

The Court finds that the Plaintiff has failed to state an actual violation of § 1692e. Therefore, the Defendant is entitled to judgment as a matter of law.

**C. The Plaintiff's claim under 15 U.S.C. § 1692f**

The Defendant argues the Plaintiff's claim under § 1692f must fail because the Plaintiff has not presented any evidence that the Defendant's debt collection methods were illegal or that its collection activities were harassing. Rather, the Defendant was permitted to seek the $150 court costs and the $25 co-pay from the Plaintiff. The Plaintiff argues that the Defendant was not entitled to seek the $25 co-pay because it was not part of the judgment. The Plaintiff further argues the Defendant was not entitled to seek the $150 court costs because the Defendant had already received more than the judgment it sought against the Plaintiff.

Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. Section "1692f serves as a means for a court 'to sanction improper conduct that the FDCPA fails to address specifically.'" <u>Stewart</u>, 859 F. Supp. 2d at 765 (quoting <u>Foti v. NCO Fin. Sys.</u>, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)). A claim under § 1692f should allege conduct separate and distinct from the § 1692e violation. <u>Id.</u>

As an initial matter, the Plaintiff's claim would have more appropriately been asserted under § 1692e because the Plaintiff's claim is essentially asserting the Defendant used "false, deceptive, or misleading representation," regarding "the character, amount, or legal status of [the] debt." § 1692e. Under either section, the Plaintiff has failed to allege conduct that violates the FDCPA.

The Defendant lowered the amount City Hospital, Inc. sought from the Plaintiff in court because the Plaintiff was paying out-of-pocket rather than through health insurance. After City Hospital, Inc. obtained a judgment against the Plaintiff in court, United Healthcare payed the cost of the Plaintiff's treatment. However, once United Healthcare approved the claim, they paid the contractual amount to the hospital, indicating that the Plaintiff would be liable for a $25 co-pay. United Healthcare, as part of its healthcare coverage for the Plaintiff, requires a $25 co-pay, which remains outstanding. The Plaintiff never paid money toward the judgment, United Healthcare did. The Defendant is not seeking to enforce the full amount of the judgment since it received payment for the Plaintiff's treatment. However, the Defendant is seeking, and is entitled to seek, the $25 co-pay. There is nothing unfair or unconscionable about the Defendant demanding the Plaintiff pay her $25 co-pay, as required by her health insurance.

Moreover, the money paid by United Healthcare is for the Plaintiff's medical treatment and cannot satisfy the payment for the court costs. The Plaintiff still owes $150 in court costs regardless of the amount United Healthcare ultimately paid towards the claim. There is nothing unfair or unconscionable about the Defendant demanding the Plaintiff pay the court costs, as ordered by the court in its judgment.

The Court finds that the Plaintiff has failed to allege an actual violation of § 1692f. Therefore, the Defendant is entitled to judgment as a matter of law.

## IV. Conclusion

For the aforementioned reasons, the Court **ORDERS** that the Defendant's Motion for Summary Judgment [ECF No. 34] is **GRANTED**.

The Clerk of Court is **DIRECTED** to enter a separate judgment in favor of the Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure. The Clerk is further **DIRECTED** to **DISMISS** this case **WITH PREJUDICE** and **STRIKE** it from the Court's active docket.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: April 7, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE